IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01107-MSK-CBS

BLUE ARCHITECTS, P.C., a Colorado corporation,
DAVIS PARTNERSHIP, P.C., a Colorado corporation,
GLOBAL ENGINEERING GROUP, LLC, a Colorado limited liability company, and
OUELLETTE & ASSOCIATES, INC., a Colorado corporation,
        Plaintiffs,
v.

EVEREST MARI, L.P., a Colorado limited partnership,
ANA MARIA PETERS-RUDDICK, in her capacity as the Arapahoe County Public Trustee,
FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver, FirsTier Bank,
BOHANNON HUSTON, INC, a New Mexico corporation,
WINSLOW CRANE SERVICE CO., a Colorado corporation,
INTERIOR DEMOLITION SPECIALISTS, INC., a Colorado corporation,
OVERHEAD DOOR COMPANY OF DENVER, INC, a Colorado corporation,
D.H. RUGGLES & Associates, P.C., a Colorado corporation,
JVA, INC., a Colorado corporation,
PROJECT ONE INTEGRATED SERVICES, LLC, a Colorado limited liability company,
BROWNSTEIN HYATT FARBER & SCHRECK, LLP, a Colorado limited liability partnership,
MILENDER WHITE CONSTRUCTION, CO., a Colorado corporation, and
BUILDING CONSULTANTS,
        Defendants.

_____

PROJECT ONE INTEGRATED SERVICES, LLC, a Colorado limited liability company,
        Cross Claimant,
v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver, FirsTier Bank, *et al.*
        Cross Defendants.

_____

PROJECT ONE INTEGRATED SERVICES, LLC, a Colorado limited liability company,
        Counter Claimant,
v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver, FirsTier Bank, *et al.*
        Counter Defendants.

_____

1

JVA, INC., a Colorado corporation,
     Cross Claimant,

v.

BUILDING CONSULTANTS, *et al.*,
     Cross Defendants.

---

JVA, INC., a Colorado corporation,
     Counter Claimant,

v.

BUILDING CONSULTANTS, *et al.*,
     Counter Defendants.

---

**MAGISTRATE JUDGE'S RECOMMENDATION REGARDING PLAINTIFFS'
MOTION TO REMAND and DEFENDANT FDIC-R'S MOTION TO DISMISS
FOR LACK OF JURISDICTION**

---

Magistrate Judge Shaffer

THIS MATTER comes before the court on Plaintiffs Blue Architects, P.C., Davis

Partnership, P.C., Global Engineering, LLC, and Ouellette & Associates Inc.'s Motion to

Remand (doc. # 92).  Defendant Federal Deposit Insurance Corporation, as Receiver for FirsTier

Bank, filed a Response (doc. #96), to which Plaintiffs filed their Reply in Support of Motion to

Remand (doc. #97).  Also before the court is Defendant Federal Deposit Insurance Corporation's

Motion to Dismiss for Lack of Jurisdiction (doc. #100).

This matter and the above-referenced motions were referred to this court pursuant to an

general Order of Reference to Magistrate Judge (doc. #80) and separate memoranda (doc. ##103

and 104).  The court heard oral argument on the pending motions on August 19, 2011.  I have

carefully considered the motions and related briefs and exhibits, the entire court file, and the

applicable case law.  For the following reasons, I recommend that Plaintiffs' Motion to Remand

be denied and that Defendant FDIC's Motion to Dismiss be granted.

## PROCEDURAL BACKGROUND

This litigation commenced in December 2009 with the filing of a Complaint in the

District Court for the City and County of Arapahoe, Case No. 2009CV2670 (hereinafter the

"State Court Action"), requesting, among other forms of relief, the foreclosure of mechanics

liens against property located in the City of Greenwood Village, Arapahoe County, Colorado.

Each of the Plaintiffs allege they performed services for the benefit of the subject property and

perfected a mechanic's lien that remains unsatisfied.  *See* Complaint (doc. #4), at ¶¶ 8-23.  The

Complaint further avers that "FirsTier Bank may claim an interest in the Subject Property

pursuant to a Deed of Trust, Security Agreement, Financing Statement and Assignment of Rents

and Revenues dated June 5, 2008" to secure a note in the amount of $16,705,000 executed by

Everest Marin, L.P, the Colorado limited partnership that owned the subject property.  *Id*. at ¶¶ 5,

6 and 24(a).  Defendant FirsTier Bank filed an Answer and Cross-Claim in the State Court

Action on or about January 4, 2010, in which it asserted a number of affirmative defenses

predicated on Colorado common law and Colorado statutes.  *See* Defendant FirsTier Bank's

Answer and Cross-Claim (doc. #22).  Several other defendants, including Project One Integrated

Services, LLC, DH Ruggles and Associates, P.C., JVA, Inc., Bohannon Huston, Inc., and

Milender White Construction Co, filed counterclaims and cross-claims.

In June 2010, the State Court Action was stayed in the wake of a bankruptcy filing by a

related entity, 7677 East Berry Avenue Associates, L.P, that had filed adversary claims against

Blue Architects, P.C., Davis Partnership, P.C., Global Engineering, LLC, and Ouellette &

Associates Inc.  The action returned to Arapahoe County District Court on March 2, 2011 after

the Bankruptcy Court issued an Omnibus Order Granting Relief from Automatic Stay to All

Mechanic's Lien Creditors to Pursue Remedies in State Court.

On January 28, 2011, the Colorado Division of Banking declared FirsTier Bank insolvent

and appointed the Federal Deposit Insurance Corporation as Receiver.  "As a result, FDIC

succeeded to 'all rights, titles, powers, and privileges' of FirsTier and could 'take over the assets

of and operate' the failed bank.  FDIC could also take FirsTier's place in resolving outstanding

claims against the bank in receivership." *Nolte Associates, Inc. v. Hotel Gold Crown Champa,*

*LLC*, 2012 WL 32662, at *2 (D. Colo. 2012) (internal citations omitted).  In its capacity as

Receiver for FirsTier Bank, the FDIC moved on February 8, 2011 to be substituted as the real

party in interest in the State Court Action and requested a 90-day stay in that case pursuant to 12

U.S.C. § 1821(d)(12(a)(ii).  On April 26, 2011, the FDIC filed a Notice of Removal, suggesting,

in part, that "it may assert as defenses in this action: 12 U.S.C. § 1825(b)(2) (prohibiting the

extinguishment of its property interest through sale, foreclosure, or levy without the consent of

the Receiver); § 1821(d)(13)(C) (prohibiting attachment or execution); § 1821(d)(5)(C)

(disallowance of unfiled claims); § 1821(d)(9)(A) and § 1823(e) (prohibiting enforcement of

certain agreements)."  Plaintiffs have moved to remand this action back to Arapahoe County

District Court.  Defendant FDIC has moved to dismiss the cross-claim filed by Milender White

Construction Co., arguing that the District Court lacks subject matter jurisdiction over that cross-

claim given Milender White Construction Co.'s failure to comply with the administrative claims

review process.

## ANALYSIS

*A.      Plaintiffs' Motion to Remand*

Plaintiffs seek to remand this action to state court, arguing that the only claims filed

against the FDIC's predecessor, FirsTier Bank, relate to the foreclosure of Plaintiffs' mechanics'

liens under the Colorado Mechanics' Lien Act, C.R.S.  § 38-22-101, *et seq.*, and therefore fall

outside the FDIC's broad removal authority.  In the absence of any "disputable federal issues in

this case" or any "meritorious" defenses arising under federal law, Plaintiffs contend that

Colorado law is determinative of any claims relating to the FDIC.  *See* Motion for Remand, at 6

and Reply in Support of Motion for Remand, at 4.  The Federal Deposit Insurance Corporation,

not surprisingly, takes a decidedly different view of the pertinent statutes and prevailing case law.

The FDIC asserts that "this case will necessarily involve the application and interpretation of the

. . . Financial Institutions Reform, Recovery and Enforcement Act of 1989 (hereinafter

'FIRREA'), which imposes specific requirements upon persons who assert claims against assets

of failed depository institutions and persons who seek a declaration of rights with respect to such

assets."  *See* Response to Plaintiff's Motion for Remand, at 3.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 specifically

provides for removal from state court to the appropriate United States district court of any action

or proceeding filed against the Federal Deposit Insurance Corporation or any action or

proceeding in which the Federal Deposit Insurance Corporation is substituted as a party.  *See* 12

U.S.C. § 1819(b)(2)(A) and (B).  However, the same statute provides that an action involving the

Federal Deposit Insurance Corporation is not deemed to arise under the laws of the United States

and, therefore, is not subject to removal where

> (i) the Corporation, in its capacity as receiver of a State insured depository institution, is a party other than a plaintiff;
>
> (ii) the state action involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution, and
>
> (iii) only interpretation of the law of such State is necessary.

*See* 12 U.S.C. § 1819(b)(2)(D).  Removal is barred if all three of these requirements are met.

The parties agree that for purposes of the instant motion, only the requirement in subsection (iii)

is at issue.  Plaintiffs, as the parties seeking remand, have the burden of establishing the

applicability of the "state law" exception.  *Lazuka v. Federal Deposit Insurance Corp.*, 931 F.2d

1530, 1535 (11th Cir. 1991), *superseded on other grounds by* 12 U.S.C. § 1819(b).

Both sides have directed the court's attention to *Bascom Construction, Inc. v. Federal*

*Deposit Insurance Corp.*, which held that "[i]n addressing the removal question, the court need

not decide whether the asserted defenses will ultimately succeed; rather, FDIC must show merely

that 'to decide the case on its merits, the court must necessarily decide – either adversely to the

FDIC or in its favor – that disputable issue of federal law.'"  777 F. Supp. 123, 125 (D. N.H.

1991) (quoting *Perini Corp. v. FDIC*, 754 F. Supp. 235, 238 (D. Mass. 1991)), *vacated on other*

*grounds by* 785 F. Supp. 277 (D.N.H. 1992).

> For the state law exception to apply, the district court must find that the FDIC's defense does not genuinely raise a disputable issue under federal law.  The district court should not make a determination upon the merits of the defense.  To uphold the presumption of federal jurisdiction, the district court need only find that the FDIC's claimed federal defense presents a colorable issue for decision and is not meritless.

*Pyle v. Meritor Savings Bank*, 821 F. Supp. 1072, 1076 (E.D. Pa. 1993) (internal citations

omitted).  *See also Capizzi v. Federal Deposit Insurance Corp.*, 937 F.2d 8, 10 (1st Cir. 1991)

(holding that 12 U.S.C. § 1819(b)(2)(D)(iii) "intends the courts to consider the case as a whole - complaint and likely defenses as well").

In opposing the Motion to Remand, the FDIC suggests it may raise in a future Answer several "colorable" defenses that implicate federal law. For example, the Federal Deposit Insurance Corporation argues that Plaintiffs' right to foreclose on the subject property may be precluded by 12 U.S.C. § 1825(b)(2) which provides that no property held by the FDIC in its capacity as a receiver "shall be subject to levy, attachment, garnishment, foreclosure or sale without the consent of the Corporation," and by 12 U.S.C. § 1821(d)(13)(C) which states that "no attachment or execution may issue by any court upon assets in the possession of the receiver." The FDIC cites the Tenth Circuit's decisions in *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853 (10th Cir. 1993) and *F.D.I.C. v. Chaves, B & C Partnership,* 1995 WL 66608 (10th Cir. 1995) as support for its statutory interpretation.[1] The FDIC also argues that federal law, specifically 12 U.S.C. § 1821(d)(5)(A), bars the pending cross-claim asserted by co-Defendant Milender White Construction Co., as well as any other claimant who has failed to comply with FIRREA's administrative review process. Finally, the FDIC suggests that 12 U.S.C. § 1823(e)[2] may be implicated to the extent that "Plaintiffs and other lienors [ ] attempt to introduce evidence of unwritten conduct or agreements in order to establish their mechanic's liens rather than offer proof of written agreements as required by Colorado Statute."

---

[1]Plaintiffs' Reply in Support of Motion for Remand conspicuously omits any discussion of these Tenth Circuit decisions.

[2]This statutory provision, like the earlier decision in *D'Oench, Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 460 (1942), bars the use of unrecorded or oral agreements as the basis for a claim or defense against the Federal Deposit Insurance Corporation.

Plaintiffs strenuously argue that each of these putative defenses is wholly without merit. While Plaintiffs concede that the *D'Oench Duhme* Doctrine and 12 U.S.C. § 1823(e) preclude enforcement of oral, unrecorded agreements against the FDIC, they argue that the mechanic's liens underlying their claims are recorded instruments. Accordingly, Plaintiffs insist that the FDIC's invocation of 12 U.S.C. § 1823(e) has no factual or legal merit. *Cf. Donald D. Snyder & Son, Inc. v. Federal Deposit Insurance Corp.*, 791 F. Supp. 335, 337 (D. N.H. 1992) (holding that "[n]either section 1823(e) nor the *D'Oench Duhme* doctrine prevents plaintiffs from asserting claims or defenses that *do not depend on agreements*") (emphasis in original). Plaintiffs also insist that the FDIC's reliance on 12 U.S.C. § 1821(d)(13)(C) and 12 U.S.C. § 1825(b)(2) will not prevail as the FDIC is not exempt from liens that attached before the subject real property became "the property of the Corporation." *Cf. In re County of Orange*, 262 F.3d 1014, 1020 (9th Cir. 2001).[3]

The instant motion to remand is not the appropriate mechanism for resolving the substantive merits of the parties' countervailing positions. *Cf. Reding v. Federal Deposit Insurance Corp.* 942 F.2d 1254, 1258 (8th Cir. 1991) (holding that on a motion to remand, "[t]he district court should not make a determination upon the merits of the defense" asserted by the FDIC in support of its Notice of Removal). *But see Bullion Services, Inc. v. Valley State Bank*,

---

[3]Plaintiffs also cite as supporting authority *Brannan Sand & Gravel Co., Inc. v. F.D.I.C.*, 928 P.2d 1337, 1344 (Colo. App. 1996) (holding that FIRREA did not apply where the plaintiff was not making a claim against the FDIC but rather was seeking to have its interest determined in a parcel of real property and to foreclose that interest as to all junior interest holders). The FDIC correctly points out the subsequent reversal of the Colorado Court of Appeals in *City of Westminster v. Brannan Sand & Gravel Co., Inc.*, 940 P.2d 393 (Colo. 1997). As I am not reaching the merits of the parties' positions, I express no opinion as to the persuasive value of the Colorado Court of Appeals' decision.

50 F.3d 705, 707 (9th Cir. 1995) (observing that the FIRREA removal statute "evidences

Congress' desire that cases involving FDIC should generally be heard and decided by the federal

courts"). This court is mindful of the procedural history and posture of the litigation. I can

appreciate Plaintiffs' protracted efforts to execute on their mechanics' liens and their frustration

at being shuttled from court to court. Nevertheless, I believe that Plaintiffs' motion to remand

should be denied as premature pending the filing of an answer by the FDIC. *Cf. Nolte*

*Associates, Inc. v. Hotel Gold Crown Champa, LLC*, 2012 WL 32662, at *8 (noting the absence

of "any rule or case that sets out a rigid timeframe in which the FDIC, as a substituted party, must

assert defenses, unavailable to the prior defendant, in updated pleadings in situations like this").

*See also Lazuka v. Federal Deposit Insurance Corp.*, 931 F.2d at 1538 ("before a federal court

can determine whether the case is subject to remand, the FDIC must be given the opportunity to

raise a federal question in its answer"); *Capizzi v. Federal Deposit Insurance Corp.*, 937 F.2d at

11 ("We doubt that district courts, or courts of appeal, will insist upon too detailed analysis at

what will normally be a very preliminary stage of the case's history.").


B.     *Defendant FDIC's Motion to Dismiss*

Defendant FDIC has moved to dismiss the cross-claim filed by Milander White

Construction Co. (hereinafter "Milander White"), based upon that party's alleged failure to

comply with the administrative claims review process established under FIRREA. The

certificate of service appended to the FDIC's motion indicates that on June 27, 2011 a copy of

the instant motion was electronically served upon counsel for Milander White. To date,

Milander White has not filed a response to the Motion to Dismiss or otherwise indicated its

opposition to the relief sought by the FDIC.  Counsel for Milander White did not appear at the

hearing on August 19, 2011, and did not participate in the telephone status conference conducted

by this court on February 17, 2012.

In moving to dismiss, the FDIC indicates that Milander White has yet to file a claim

against the receivership, notwithstanding the May 5, 2011 deadline which was set forth in the

April 22, 2011 statutory notice given to all parties in the State Court Act.  Milander White has

not come forward with any facts, evidence or filing that would refute the FDIC's assertion.  More

to the point, Milander White's failure to meet the May 5, 2011 deadline is dispositive as to its

cross-claim.

The Tenth Circuit in *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103, 106

(10th Cir. 1991), noted that FIRREA

> clearly requires that each creditor file a claim.  12 U.S.C. § 1821(d)(6)(A).  In the
> event the claim is disallowed, the creditor can then file suit *or continue* to pursue
> a suit already filed.  No interpretation is possible which would excuse this
> requirement for creditors with suits pending, or allow the filing of suit to
> substitute for the claim process.

The Tenth Circuit concluded that Mustang Partners' claims did not survive its failure to comply

with FIRREA's claim requirements and that "Mustang's right to continue pursuing its pending

lawsuit [was] dependent upon its compliance with FIRREA's claims provisions."  *Id.  Cf.*

*Freeman v. Federal Deposit Insurance Co.*, 56 F.3d 1394, 1402 (D.C. Cir. 1995) (holding

plaintiff-borrowers' failure to exhaust their administrative remedies before bringing their claims

to court deprived the court of subject matter jurisdiction); *Intercontinental Travel Marketing, Inc.*

*v. Federal Deposit Insurance Corp*, 45 F.3d 1278, 1282-83 (9th Cir. 1994) (holding that subject

matter jurisdiction does not exist if a claimant does not exhaust FIRREA's administrative process

and that FIRREA's administrative claim review process is mandatory regardless of whether the

claims are filed before or after the FDIC is appointed as receiver); *Carney v. Resolution Trust*

*Corp.*, 19 F.3d 950, 955-56 (5th Cir. 1994) (suggesting that "allowing a claimant simultaneously

to pursue administrative and judicial remedies would thwart Congress' purpose in enacting

FIRREA").

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Plaintiffs' Motion

to Remand (doc. #92) be DENIED, without prejudice to Plaintiffs' right to raise through motion

or at trial substantive challenges to the merits of any "federal" defenses asserted in the FDIC's

Answer.

Further IT IS ORDERED that the Federal Deposit Insurance Corporation as Receiver

must file within twenty-one days of the date of this Recommendation its proposed Amended

Answer setting forth any federal defense the FDIC is asserting in this action.  The FDIC should

understand that failure to file a timely Amended Answer asserting federal defenses may result in

the remand of this action back to Arapahoe County District Court.

Further, based upon the undisputed factual record before the court, Milander White's lack

of opposition to the pending motion, and the weight of settled case law, IT IS RECOMMENDED

that Defendant FDIC's Motion to Dismiss (doc. #100) be GRANTED and that Milander White

Construction Co.'s cross-claim against the Federal Deposit Insurance Corporation be dismissed

for lack of subject matter jurisdiction.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve

and file written objections to the Magistrate Judge's proposed findings and recommendations

with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general

objection that does not put the District Court on notice of the basis for the objection will not

preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real*

*Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.

1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the

Magistrate Judge's proposed findings and recommendations and will result in a waiver of the

right to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *International*

*Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th

Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant

had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d

1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to

appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 21st day of February,  2012.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge